IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNY IROEGBU, #1246561,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL NO. 3:17-CV-1306-N-BK |
| | § | |
| UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES,<br>Defendant. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* action was referred to the United States magistrate judge. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, this action should be summarily **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

In March 2015, Plaintiff was convicted on his guilty plea of aiding or assisting in the preparation or presentation of a false or fraudulent individual income tax return, in violation of 26 U.S.C. § 7206, and sentencing to 36 months' imprisonment. *United States v. Iroegbu*, No. 3:13-CR-00014-N-1, Crim. Doc. 47 (N.D. Tex. Mar. 19, 2015), *app. dism.*, No. 15-10275, Crim. Doc. 60 (5th Cir. Jan. 20, 2016). On May 16, 2017, he filed this *Expeditious Petition for Verified Complaint Mandamus and Declaratory Relief* against United States Citizenship & Immigration Services (CIS) of Irving, Texas, precipitated by his recent transfer to the custody of United States Immigration Customs Enforcement (ICE) due to pending removal proceedings.

Doc. 3 at 1-2. He seeks an order of this Court compelling CIS to act on his 2011 application for naturalization and his July 11, 2016 petition for alien relative (I-130). Doc. 3 at 2-3.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, the petition for writ of mandamus is frivolous.

The Mandamus Act vests district courts with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is appropriate only "when (1) the plaintiff has a clear right to relief, (2) the defendant [has] a clear duty to act, and (3) no other adequate remedy exists." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011); *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992) (mandamus is proper when the duty is "so plainly prescribed as to be free from doubt").

CIS, however, is statutorily precluded from considering a naturalization application while removal proceedings are pending. Under 8 U.S.C. § 1429, "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest." *See Saba-Bakare v. Chertoff*, 507 F.3d 337, 340 (5th Cir. 2007) (a party must "wait until the termination of the removal proceedings before either a district court or the [ ]CIS entertains a question regarding his naturalization application."); *Olaoye v. Kehl*, No. 3:08-CV-1611-O, 2009 WL 2222880, at *1-2 (N.D. Tex. July 24, 2009) ("Section 1429 was designed to end the race between the alien seeking to gain citizenship and the Attorney General seeking to deport him, and was accomplished by according priority to removal proceedings.").

Under the facts of this case, Plaintiff cannot establish that CIS has a clear duty to consider his naturalization application. Accordingly, his request for mandamus relief lacks any legal basis and should be dismissed as frivolous.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, however, leave to amend is not required where plaintiff "has already pleaded his 'best case.'" *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed herein, Plaintiff's claim is fatally infirm. Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED WITH PREJUDICE** as frivolous. See 28 U.S.C. § 1915(e)(2)(B).

**SIGNED** June 10, 2017.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE